DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEAL OF THE CITY OF HOBOKEN v. STEVENS INSTITUTE OF TECHNOLOGY FOR THE YEAR 1945.

Decided September 2, 1947.

For the petitioner, *John J. Fallon* (*Otmar J. Pellet* and *John J. Traynor,* of counsel).

For the respondent, *Isador Haber.*

CONKLIN, COMMISSIONER. The City of Hoboken appeals from the action of the Hudson County Board of Taxation in cancelling the assessments on Block 227, Lot 2; Block 258, Lot Pt. 3; Block 228, Lot 11; Block 228, Lot 13; Block 234, Lot 2; Block 234, Lot 3; Block 258, Lot Pt. 3; Block 234, Lots 1, 2 and 3; Block 236, Plot 27; Block 236, Lot 27a; Block 236, Plots 27b and 27c; Block 236, Lot 28; Block 258, Lot 4; Block 258, Lot 5, Block 258, Lot 30, Block 238, Lot 31; Block 238, Lot 32; Block 258, Lot 33; Block 258, Lot 35; Block 258, Lot 36; Block 259, Plot 5, Part 6,

and Block 259, Lot 17, the appeal involving the question of the exemption of the said properties of the Stevens Institute of Technology in the City of Hoboken for the year 1945. These appeals, with few exceptions, are governed by the ruling of this Division in the 1944 case and the affirmance of that judgment by the Supreme Court, *Hoboken* v. *Division of Tax Appeals*, 134 *N. J. L.* 594; 49 *Atl. Rep.* (*2d*) 587. At the time the 1944 appeal was heard, Plot No. 5 and Lot No. 17, both in Block 259, were not in educational use, but the use of the said parcels has changed prior to October 1st, 1944, and should be exempted for the year 1945. Since the testimony taken in the 1944 appeal was stipulated to be a part of this record and since there appears to be no change in the status of the appellant, or the use to which it put the property (except as hereinabove mentioned), we are bound by the ruling of the Supreme Court unless it is reversed by a higher tribunal.

But there is a new issue raised in this case. There has been a new sub-division made of the plots by the assessors and it is contended by the City of Hoboken that the land heretofore held to be exempt is now taxable as land not necessary for the enjoyment of the buildings used for educational purposes. An example of what was done by the assessors is evidenced by Plot No. 32 on which Stevens Castle was erected; this plot originally contained 128,127 square feet, or considerably less than five acres. It was divided on the assessing map into two separate parcels; the parcel on which the Castle was erected on the new tax map was designated as Plot No. 32A and contained 77,650 square feet; the balance of the plot was designated as Plot No. 32 and contained 50,477 square feet. The city said that Plot No. 32 was not necessary for the use of, nor essential to give access to Stevens Castle and therefore should be assessed. The same is alleged to be true with respect to other parcels in the Institute's assemblage.

The exempting statute, *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, provides in part:

"The following property shall be exempt from taxation under this chapter: all buildings actually used for colleges,

schools, academies or seminaries; * * * the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above-mentioned and to no other purpose and does not exceed five acres in extent; * * *. The foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed."

From a reading of the above statute it is noted that there is nothing contained therein which could possibly lead to the conclusion that the building plus the land (not exceeding five acres), must be of one assessment. It is quite possible that the building may be assessed on one parcel of land just barely large enough to hold the building, and the adjoining land which would be necessary for the fair enjoyment of the building would be exempt; the mere fact that there were separate assessments would not deprive the owner of the building and the land from the allowable exemption if the owner otherwise complied with the statute. The assessor, by the use of pen and ink on a tax map, and by it making subdivisions of the parcels of property, cannot defeat the rulings of this Division and of our courts. We hold that the land exempted by the County Board was necessary for the fair enjoyment of the buildings.

The judgments of the County Board of Taxation of Hudson County are affirmed, and the appeals of the City of Hoboken are hereby dismissed.

Judgments accordingly.